**NOT FOR PUBLICATION**

FILED

AUG 15 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR ARISPE-RIBERA, | No. 10-73000 |
| Petitioner, | Agency No. A099-195-370 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before:     THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Julio Cesar Arispe-Ribera, a native and citizen of Panama, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's ("IJ") decision

denying his request for a continuance. Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a continuance and motions to remand. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Arispe-Ribera's motion to remand where the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant remanding. *See Romero-Ruiz*, 538 F.3d at 1062 (BIA abuses its discretion if its denial of a motion to remand is "arbitrary, irrational, or contrary to law").

The IJ did not abuse her discretion by denying a continuance to allow Arispe-Ribera to seek post-conviction relief. *See Sandoval-Luna*, 526 F.3d at 1247 (an IJ may grant a continuance for good cause shown).

We lack jurisdiction to review Arispe-Ribera's contentions regarding his allegedly defective criminal conviction, as we cannot collaterally reexamine his conviction. *See Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir. 1995).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**